IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ROMAN CHRISTIAN HIGDON, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-37 |
| v. | |
| TAMARSHE SMITH; BRIAN COLLIER; and SGT. ROBINSON, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is now before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's claim against Defendant Robinson; and

2. Any claims for monetary relief against Defendants in their official capacities.

However, I **FIND** some of Plaintiff's claims may proceed. Specifically, the Court directs service, by separate Order, of Plaintiff's Eighth Amendment claims of excessive force against Defendants Smith and Collier in their individual capacities.

## PLAINTIFF'S CLAIMS[1]

Plaintiff, who is presently confined at Hays State Prison in Trion, Georgia, brings this lawsuit under 42 U.S.C. § 1983 based on events that occurred at Smith State Prison in

---

[1] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Glennville, Georgia, in July 2017.  Doc. 1.  Plaintiff alleges that on July 25, 2017, Defendant Robinson ordered a lockdown to enable prison officials to search for a missing mop.  Id. at 5.  Plaintiff alleges the prisoners ultimately complied with the lockdown order and began returning to their cells.  However, Defendant Robinson called in a "stress code," and Defendant Smith, the Deputy Warden of Security, sent a CERT Team in to assist with the lockdown process.  Plaintiff specifically alleges that "Mr. Smith sent the CERT team down there to apply excessive force."  Id.

Defendant Collier, who was part of the CERT team, began spraying prisoners, including Plaintiff, with MK-4 spray as they returned to their cells.  Id. at 5–6.  Plaintiff and the other prisoners began coughing and throwing up and were taken to medical.  Id. at 6.  The next morning, Plaintiff and his cellmate were transferred to a segregation unit with no running water.  Plaintiff was not able to shower until several days later.  Id.

Plaintiff alleges the MK-4 spray that was used on him impacted his vision and damaged his lungs.  As a result of the spray and not being able to wash it off for several days, Plaintiff complains he no longer has 20/20 vision, he has difficulty breathing, and he now requires glasses and an inhaler.  Id. at 7.  He seeks compensatory and punitive damages from Defendants.  Id. at 8.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all prisoner complaints.  28 U.S.C. § 1915A(b).  During the initial screening, the court must identify any cognizable claims in the complaint.  Id.  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or

which seeks monetary relief from a defendant who is immune from such relief.[2]  Id.  In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  At this stage, the Court accepts as true a plaintiff's factual allegations.  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

## DISCUSSION

### I.  Plaintiff's Claim Against Defendant Robinson

In his Complaint, Plaintiff alleges Defendant Robinson initiated the July 25, 2017 lockdown and called the stress code.  Doc. 1 at 5.  However, Plaintiff makes no allegation that Defendant Robinson participated in the spraying incident, and Plaintiff fails to attribute any specific constitutional violations or other causes of actions to Defendant Robinson.  See generally Doc. 1.

---

[2]   Similarly, the Court must also conduct an initial screening of any action in which the plaintiff is proceeding *in forma pauperis*.  28 U.S.C. § 1915(a).

"Section 1983 claims may not be brought against supervisory officials solely on the basis of vicarious liability or respondeat superior." Averhart v. Warden, 590 F. App'x 873, 874 (11th Cir. 2014) (citing Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)). Rather, "[a] supervisor can be held liable under § 1983 if he personally participates in the alleged constitutional violation or if a causal connection exists between his acts and the constitutional infirmity." Id. "A causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008). Here, Plaintiff fails to allege any facts that could impose liability on Defendant Robinson. Defendant Robinson's decision to call the stress code does not make him automatically liable for the subsequent events. As Plaintiff has failed to state a claim against Defendant Robinson, I **RECOMMEND** the Court **DISMISS** Defendant Robinson from this action.

**II.     Claims for Monetary Damages Against Defendants in Their Official Capacities**

Plaintiff also cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits based on the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief, and the Court should **DISMISS** such claims.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim against Defendant Robinson and **DISMISS** any claims for monetary relief against Defendants in their official capacities.

Any party seeking to object to this Report and Recommendation shall file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 1st day of May, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA